UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
410-962-0946
MDD_ADCCHAMBERS@MDD.USCOURTS.GOV

# **STANDING MEMORANDUM TO COUNSEL CONCERNING DISCOVERY**

1. Counsel are required to have read the Federal Rules of Civil Procedure, Local Rules of this Court, Discovery Guidelines of this Court (Appendix A to the Local Rules), and, with respect to discovery of Electronically Stored Information (ESI), the Suggested Protocol for Discovery of ESI, posted on the Court's website, www.mdd.uscourts.gov. Counsel are required to comply with the aforementioned rules and guidelines, except as otherwise specified by order of the Court. D. Md. Loc. R. App. A., Guideline 1.b (July 2016) ("Guideline").

2. Counsel are reminded that they have an obligation to cooperate during the conduct of discovery, as well as to limit the cost of discovery so that it is proportional to what is at issue in the case. See Guideline 1.a ("The purpose of these Guidelines is to facilitate the just, speedy, and inexpensive conduct of discovery…. The parties and counsel have an obligation to cooperate in planning and conducting discovery to tailor the discovery to ensure that it meets these objectives. Counsel have a duty to confer early and throughout the case as needed to ensure that discovery is planned and conducted consistent with these requirements and, where necessary, make adjustments and modifications in discovery as needed"). *See also Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354 (D. Md. 2008). In addition, counsel "are expected to communicate with each other in good faith throughout the discovery process to resolve disputes without the need for intervention by the Court, and should do so promptly after becoming aware of the grounds for the dispute." Guideline 1.f; *see Kemp v. Harris*, 263 F.R.D. 293, 297 (D. Md. 2009) (observing that the dispute at issue "could, and should, have been avoided had counsel cooperated in the conduct of discovery, as they are obligated to do," and directing parties to "meet and confer").

3. In cases where a party is represented by more than one attorney of record, no discovery motion, response or opposition may be filed unless the senior attorney of record has read the contents of the motion and any supporting memorandum and exhibits.

4. All discovery requests, responses and objections are governed by the requirements of Rule 26(g) and counsel and parties shall be familiar with the requirements of the rule and the sanctions that may be imposed for failure to comply with it. All discovery responses, answers (including answers to interrogatories and document production requests), and disclosures are to be complete and non-evasive, as required by Rule 37(a)(4). Evasive or incomplete discovery responses, answers or disclosures will be deemed to be a failure to respond, answer or disclose.

5. If a party responding to a discovery request, including interrogatories and document production requests, objects, in whole or part, to the discovery, objections must be specific, non-boilerplate and supported by particularized facts where necessary to demonstrate the basis for the

objection. Failure to do so constitutes a waiver of the objection. *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35 (D. Md. 2000); *Thompson v. HUD*, 199 F.R.D. 168 (D. Md. 2001). Similarly, assertions of privilege or work product immunity as a basis for refusing to provide discovery must be particularized, Rule 26(b)(5), and accompanied by the information required by Discovery Guidelines 6, 7, and 10.d. Failure to do so may be deemed by the Court to be a waiver of the privilege/immunity. *Hall v. Sullivan*, 231 F.R.D. 468 (D. Md. 2005); *Victor Stanley Inc. v. Creative Pipe Inc*. 250 F.R.D. 251 (D. Md. 2008). In responding to document production requests parties will comply with the procedures stated in *Lee v. Flagstaff Industries, Corp.,* 173 F.R.D. 651 (D. Md. 1997), and if the documents or ESI requested is not to be produced contemporaneously with the filing of the answer to the production request, the producing party will give a date certain when it will be produced. In this regard, it is improper to state that the production will be made some unspecified time in the future.

## INFORMAL DISPUTE PROCEDURES

Many members of our bar have expressed concern about the obstacles our Local Rules and practices present to timely, efficient, and inexpensive resolution of discovery disputes. In order to address these concerns, some chambers have implemented a "call-in" program for the resolution of discovery disagreements.

I will make myself available by telephone to resolve emergency discovery disputes and other discovery issues that do not require extensive briefing. The following procedures will apply:

1. Before requesting a hearing, counsel must give opposing counsel at least twenty-four hours notice of their intent to do so.

2. Counsel involved in the discovery dispute should electronically file by 4:00 p.m. on the day before the hearing short letters (not to exceed two pages) setting forth their respective positions.

3. It is the responsibility of counsel who request the hearing to arrange for a conference call at the prescribed time.

4. I will not have a record made of the hearing. If any of you want a record to be made, it will be your responsibility to have a court reporter present in your office or to arrange for the hearing to be tape recorded. Of course, in either event you must advise me and opposing counsel at the commencement of the hearing that a record is being made.

      I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so, after hearing from you I will direct that the procedures for formal briefing be followed.

      The "call-in" program does not displace my existing practice of making myself available whenever I can to resolve disputes as they arise during the course of a deposition. I will continue to follow that practice as well.

      Very truly yours,

      /s/

      A. David Copperthite
      United States Magistrate Judge